UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LARRY MCKLINTIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| 36th JUDICIAL CIRCUIT COURT, | )   Case No. 1:05CV172 LMB |
| JUVENILE DIVISION, | ) |
| STATE OF MISSOURI, and | ) |
| STATE OF MISSOURI | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court upon the Complaint of Plaintiff Larry McKlintic, alleging violations of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636(c).

Currently pending before the court is Defendant 36th Judicial Circuit Court, Juvenile Division's ("Judicial Circuit"), Motion to Dismiss, along with a Memorandum in Support. (Docs. No. 4, 5). Plaintiff filed a Memorandum in Opposition to Motion to Dismiss (Doc. No. 9), along with a First Amended Complaint adding the State of Missouri as a defendant (Doc. No. 8). Defendants Judicial Circuit and the State of Missouri filed a renewed Motion to Dismiss and Memorandum of Law in Support in response to plaintiff's First Amended Complaint (Doc. No. 11, 12). Plaintiff has filed a Memorandum in Opposition to Motion to Dismiss (Doc. No. 14) and defendants have filed Reply Suggestions in Support of Defendants' Motion to Dismiss (Doc. No. 15).

**Background**

The Amended Complaint states that defendants terminated plaintiff's employment as a Deputy Juvenile Officer on or about June 3, 2005. Plaintiff alleges that prior to his termination, he informed his immediate supervisor, Lesi Smith, Chief Juvenile Officer, that he was in pain because he had a herniated disc in his back and that he may need to take medical leave to undergo back surgery. Plaintiff states that he was terminated by Ms. Smith for alleged insubordination after he notified her of his need for medical leave. Plaintiff alleges that his request for leave was covered under the self-care provision of the FMLA, as stated in the Missouri Circuit Courts Handbook, and upon which he relied when he made his request. Plaintiff claims that one of the reasons he was terminated was to deny his use of FMLA benefits. Plaintiff further claims that one of the reasons he was terminated was in retaliation for his attempted use of FMLA benefits.

**Discussion**

**A.     Defendants' Motions to Dismiss**

In its first Motion to Dismiss (Doc. No. 4), defendant Judicial Circuit requests that the court dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant argues that plaintiff's claims invoking the self-care provision of FMLA is barred by the Eleventh Amendment. Defendant further argues that the Judicial Circuit is not a suable entity under the FMLA.

In his Memorandum in Opposition to defendant's motion, plaintiff first argues that Eleventh Amendment immunity does not apply if the facts show that plaintiff was a county employee or a state and county employee. Plaintiff also claims that defendants should be equitably estopped from raising the issue of sovereign immunity due to defendants' representation in the "Missouri Circuit Courts Employee Handbook" ("Handbook") that employees are eligible

to qualify for Family and Medical Leave under the self-care provision.  Finally, plaintiff argues that the Judicial Circuit is a suable entity under FMLA.  Plaintiff cites two Missouri cases that found that the Judicial Circuit was a suable entity with respect to workers' compensation claims.

In its renewed Motion to Dismiss, defendants request that the court dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  Defendants again argue that plaintiff's claim under the self-care provision of FMLA is barred by the Eleventh Amendment, and that the Judicial Circuit is not a suable entity under the FMLA.  Defendants contend that the workers' compensation cases cited by plaintiff do not address whether a Missouri judicial circuit is an entity capable of being sued in this type of employment case.

Plaintiff, in his Memorandum in Opposition to defendants' renewed Motion to Dismiss, argues that defendants have failed to present any evidence concerning whether plaintiff was a state employee or county employee.  Plaintiff contends that even if he was solely a state employee, defendants are estopped from arguing sovereign immunity due to their representation in the Handbook.  Plaintiff again cites the workers' compensation cases to support his position that the Judicial Circuit is a suable entity under the FMLA.

In their Reply Suggestions in Support of their Motion to Dismiss, defendants argue that plaintiff was a state employee. Defendants state that plaintiff is aware of his status as a state employee, as is evidenced by his failure to name a county government as a defendant in this action, and his failure to argue that he is in fact a county employee.  Defendants contend that equitable estoppel is considered only after the preliminary immunity question has been adjudicated.  Defendants claim that sovereign immunity applies in this case to preclude jurisdiction

over defendants in this matter. Defendants further argue that the Judicial Circuit is not capable of being sued in employment discrimination cases.

In passing on a motion to dismiss, a court should dismiss a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957). See County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997). Thus, a motion to dismiss is likely to be granted when "a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. 11. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Tr. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001). The Eleventh Amendment encompasses not only actions where the state is actually named as a defendant, but also certain actions against state instrumentalities. See Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429-30, 117 S.Ct. 900, 903, 137 L.Ed.2d 55 (1997). The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

Congress may, however, abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment. Nev. Dep't of Human Res. v. Hibbs, 538

U.S. 721, 726, 123 S.Ct. 1972, 1976, 155 L.Ed.2d 953 (2003). In Hibbs, the United States Supreme Court held that Congress successfully abrogated state sovereign immunity with regard to the family-care provisions of the FMLA, 29 U.S.C. § 2612(a)(1)(A)-(C). Id. at 740, 123 S.Ct. 1984. The Court did not apply that finding to the self-care provisions of the FMLA, § 2612(a)(1)(D). See id. The Eighth Circuit Court of Appeals has held that the FMLA self-care provisions are not a valid exercise of Congress's power under Section Five of the Fourteenth Amendment to abrogate sovereign immunity of states. Townsel v. Missouri, 233 F.3d 1094, 1095 (8th Cir. 2000). See also Brockman v. Wyo. Dep't of Family Servs., 342 F.3d 1159, 1165 (10th Cir. 2003) (Because the Supreme Court's analysis in Hibbs turned on the gender-based aspects of the FMLA's § 2612(a)(1)(C), the self-care provision in subsection (D) is not implicated by that decision) (citing Townsel, 233 F.3d at 1095); Touvell v. Ohio Dept' of Mental Retardation and Developmental Disabilities, 422 F.3d 392, 400 (6th Cir. 2005), cert denied, 126 S.Ct. 1339 (2006) ("We do not believe that Hibbs undermines the holdings of the First, Second, Fourth, Tenth, and Eleventh Circuits that the self-care provision of the FMLA is unconstitutional insofar as it purports to abrogate state sovereign immunity.").

As stated above, plaintiff first argues that a factual issue exists as to whether he was employed by the State of Missouri, a county government, or both. This argument lacks merit. As defendants point out, plaintiff has sued the Judicial Circuit and the State of Missouri. He has not sued a county government entity, nor does he even allege that he was employed by a county government. Rather, in his Amended Complaint, plaintiff states that he was employed by the defendants, the State of Missouri and the 36th Judicial Circuit Court, Juvenile Division, State of Missouri. The 36th Judicial Circuit Court, Juvenile Division, exists pursuant to Article V, § 1 of the Missouri Constitution, which provides for the judicial department and which states that there

shall be circuit courts. Mo. Rev. Stat. § 478.063 statutorily confers on the circuit court judges the power to create juvenile divisions. The Judicial Circuit is, therefore, an entity of the State of Missouri. Thus, there is no factual dispute that plaintiff was employed by the State of Missouri.

Plaintiff also alleges that defendants should be estopped from raising the defense of sovereign immunity due to representations made in the Handbook regarding entitlement to FMLA benefits. Sovereign immunity is a privilege that the state holds, which it may voluntarily waive. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675, 119 S.Ct. 2219, 2226, 144 L.Ed.2d 605 (1999). However, the "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." Id. A state only waives its sovereign immunity "if the State voluntarily invokes [federal] jurisdiction, or else if the State makes a clear declaration that it intends to submit itself to [federal] jurisdiction." Id. at 675-76. 119 S.Ct. 2226. Thus, "the State's consent [must] be unequivocally expressed." Pennhurst State Sh. & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). Constructive waiver of sovereign immunity is not permitted. Coll. Sav. Bank, 527 U.S. at 680, 119 S.Ct. at 2228. Here, plaintiff has not alleged that defendants expressly consented to being sued in federal court. Although any representations made by defendants in the employee handbook would be relevant in determining plaintiff's eligibility for FMLA leave, it does not constitute a waiver of sovereign immunity. Thus, defendants have not waived their sovereign immunity.

In his Amended Complaint, plaintiff specifically invokes the self-care provision of the FMLA. Plaintiff alleges that defendants terminated him after he requested Family and Medical Leave with regard to his own serious medical condition. As such, the court finds that defendants

are entitled to immunity under the Eleventh Amendment. Thus, plaintiff has failed to state a cause of action and his Amended Complaint should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss (Docs. No. 4, 11) be and they are **granted**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that plaintiff's claim pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2615, be **dismissed**. A separate written order will be entered this date.

Dated this   11th   day of September, 2006.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE